UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-81031

---

STEVEN PHILLIPS, a Missouri
resident and NICOLE PHILLIPS,
a Missouri resident,

    Plaintiffs,

        vs.

SEEMAN HOLTZ PROPERTY AND
CASUALTY, LLC, a Delaware limited
liability company

    Defendant.

---

## COMPLAINT

---

COME NOW the Plaintiffs, STEVEN PHILLIPS and NICOLE PHILIPS, by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 8, and files this, their Complaint in this matter, and in support thereof state:

### PARTIES, JURISDICTION & VENUE

1. The Plaintiff, STEVEN PHILIPS, an individual, is a citizen and resident of the State of Missouri and is domiciled in Puxico, MO.

2. The Plaintiff, NICOLE PHILLIPS, an individual, is a citizen and resident of the State of Missouri and is domiciled in Puxico, MO.

3. The Defendant, SEEMAN HOLTZ PROPERTY AND CASUALTY, LLC is a Delaware limited liability company authorized to do business in the State of Florida, with its

principal place of business located in Florida, and is headquartered at 301 Yamato Road, Suite 2250, Boca Raton, FL 33431.

4. Nonparty, "Seeman Holtz Property and Casualty, Inc.," is an inactive Florida Corporation, which was converted into SEEMAN HOLZ via a Certificate of Conversion filed with the Florida Department of State – Division of Corporations, on or around October 26, 2018. (Please see Certificate of Conversion attached hereto as "**Exhibit A**.") (SEEMAN HOLTZ PROPERTY AND CASUALTY, LLC and Seeman Holtz Property and Casualty, Inc. are hereinafter referred to collectively as "SEEMAN HOLTZ.")

5. SEEMAN HOLTZ members and/or managers are:

   a. Marshal Seeman, a citizen and resident of Florida, domiciled in Boca Raton, FL and conducting his affairs/business at 301 Yamato Road, Suite 2222, Boca Raton, FL 33431.

   b. Eric Holtz, a citizen and resident of Florida, domiciled in Boca Raton, FL and conducting his affairs/business at 301 Yamato Road, Suite 2222, Boca Raton, FL 33431

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), as the parties are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

7. This Court has personal jurisdiction over the parties, due to the location of the principal place of business of the Defendant limited liability company, the Defendant's purposeful commerce in Palm Beach County, FL, and the forum selection clause of the contract at issue in this case. (The subject Contract contains a confidentiality provision and is therefore not attached hereto as an exhibit, however, will be submitted via a separate confidential filing.)

8. Venue is appropriate in the Southern District under 28 U.S.C. § 1391(b), due to the physical location and primary place of business of SEEMAN HOLTZ and their principals, the forum selection clause of the contract at issue, and because this venue was the location of a substantial part of the events giving rise to this claim.

9. Any conditions precedent to the filing of this action have been satisfied or have been waived.

## COMMON ALLEGATIONS

10. On March 30, 2018, Plaintiffs and SEEMAN HOLTZ entered into an Asset Purchase Agreement (hereinafter the "APA").

11. The APA provided for the sale and purchase of all business assets of nonparty, "First Choice Insurance Agency, Inc.," a Missouri corporation. These assets included all assets located at three addresses – 1359 N. Westwood Blvd., Poplar Bluff, MO; 713 Ward Ave., Caruthersville, MO; and 18 W. Sainte Maries Street, Suite 1, Perryville, MO.

12. The APA further provided for the sale and purchase of all assets of MBT Financial Services, LLC, a Missouri limited liability company.

13. On or around that date, Plaintiffs and SEEMAN HOLTZ entered into a Bill of Sale for the assets described in ¶ 9-10 above. (For reasons discussed above, the Bill of Sale is not attached hereto as an exhibit, however, will be submitted via a separate confidential filing.)

14. In exchange for the assets described in ¶ 9-10 above, SEEMAN HOLTZ agreed to pay a purchase price of two million and five hundred thousand ($2,500,000.00) dollars, in the form of a $2,250,000.00 "closing payment" and a $250,000.00 "deferred payment."

15. The "deferred payment" was due not later than ninety (90) days after the May 30, 2018 closing – i.e. on June 28, 2018.

16. SEEMAN HOLTZ did not timely pay the "deferred payment."

17. As of the date of this pleading, SEEMAN HOLTZ has never paid the "deferred payment."

18. SEEMAN HOLTZ owed and continues to owe Plaintiffs the "deferred payment."

19. The APA at ¶ 38(a) provides that it will be governed by the laws of the State of Florida.

20. The APA at ¶ 38(d) provides that "[a]ny breach of [the APA] shall result in the prevailing Party being entitled to receive from the non-prevailing Party all of the prevailing Party's reasonable attorney's fees, costs, and expenses …."

## COUNT I – BREACH OF CONTRACT

21. Plaintiffs incorporate the allegations contained within ¶ 1 – 20 above, as if fully restated here.

22. The APA was a binding contact between Plaintiffs and SEEMAN HOLTZ.

23. SEEMAN HOLTZ breached that contract by failing to pay the amounts due and owing to Plaintiffs.

24. SEEMAN HOLTZ' breach has resulted in clear and defined damages to Plaintiffs, specifically, $250,000.00.

25. Plaintiffs have incurred attorney's fees and costs in pursuing this relief.

WHEREFORE, Plaintiffs, STEVEN & NICOLE PHILLIPS, respectfully demand judgement for all legally available damages against the Defendant, SEEMAN HOLTZ PROPERTY & CASUALTY, LLC, including their attorney's fees and costs, as well as pre-judgment interest, and for whatever other relief this Court deems necessary and appropriate.

## COUNT II – UNJUST ENRICHMENT

26. Plaintiffs incorporate the allegations contained within ¶ 1 – 20 above, as if fully restated here.

27. Since the closing of the APA, Plaintiffs have continued working as employees of SEEMAN HOLTZ.

28. A portion of Plaintiffs' duties were the continued management of the business locations described in ¶ 11, while SEEMAN HOLTZ undertook financial responsibility for the continued operation of these locations.

29. At the time of execution of the APA, and thereafter, SEEMAN HOLTZ represented that Plaintiffs would be paid additional bonus compensation based upon the continued financial performance of the relevant business locations.

30. Plaintiffs conferred the benefit of their continued labor and effort to SEEMAN HOLTZ.

31. In addition, from time to time, SEEMAN HOLTZ failed to timely pay operating expenses for the relevant business locations. On those occasions, Plaintiffs <u>personally</u> paid these operating expenses, including rent, utilities, and employee salaries.

32. SEEMAN HOLTZ knew that Plaintiffs were continuing to provide labor and effort, based in part upon the representations of SEEMAN HOLTZ that the aforementioned bonus compensation was being accrued and would be paid.

33. SEEMAN HOLTZ knew that Plaintiffs were personally paying operating expenses, even though they had no obligation whatsoever to do so.

34. SEEMAN HOLTZ accepted the benefit of Plaintiffs' continued labor and efforts, insomuch as they accepted the monies generated by the relevant business locations, and these business locations continued operation and retention of staff.

35. Under the circumstances of this case, to allow SEEMAN HOLTZ to retain the entire benefit of Plaintiffs' labor and efforts, or to retain the benefit of Plaintiffs personal payment of business operating expenses, would be inequitable.

WHEREFORE, Plaintiffs, STEVEN & NICOLE PHILLIPS, respectfully demand judgement for all legally available damages against the Defendant, SEEMAN HOLTZ PROPERTY & CASUALTY, LLC, including payment of accrued bonuses and reimbursement of operating expenses advanced by Plaintiffs, and pre-judgement interest on such sums, and for whatever other relief this Court deems necessary and appropriate.

## COUNT III – DECLARATORY JUDGMENT

36. Plaintiffs incorporate the allegations contained within ¶ 1 – 20 above, as if fully restated here.

37. This Count is brought pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et al*.

38. There is a present and bona fide need for a declaration of rights and responsibilities between the parties, as the APA is ambiguous as to the obligations of Plaintiffs in light of SEEMAN HOLTZ' ongoing breach of contract and inequitable statements, acts and omissions.

39. Furthermore, it is unclear whether the APA, or any of its terms, are binding upon Plaintiffs, given SEEMAN HOLTZ' material breach of this contract.

40. Finally, it is unclear whether Plaintiffs are under any obligation to continue transferring business revenue to SEEMAN HOLTZ, given this party's inability to satisfy business operating expenses.

41. Plaintiffs wish to continue operation of First Choice Insurance Agency, Inc., to continue operation the business locations described in ¶ 11, to continue retaining and compensating its employees, and to continue servicing its clients.

42. Plaintiffs must retain some or all of the monies generated by First Choice Insurance Agency, Inc. in order to pay operational expenses of First Choice Insurance Agency, Inc., including but not limited to salaries, insurance premiums, rent and utilities.

43. Prior to the filing of this Complaint, Plaintiffs have continued to transfer business revenues to SEEMAN HOLTZ.  On very few occasions, Plaintiffs have withheld a *portion* of business revenues generated in order to satisfy overdue and critical business operating expenses – i.e. payroll and rent.  This withholding was done with the knowledge and consent of SEEMAN HOLTZ.

44. SEEMAN HOLTZ has, or may have, and adverse or antagonistic interest to Plaintiffs retaining business revenues for purposes of continuing business operations of First Choice Insurance Agency, Inc and/or the business locations described in ¶ 11.

45. SEEMAN HOLTZ has, or may have, and adverse or antagonistic interest to Plaintiffs continuing to operate First Choice Insurance Agency, Inc.

46. The relief sought by Plaintiffs directly affects First Choice Insurance Agency, Inc's ability to operate, and its status as a going concern.

WHEREFORE Plaintiffs, STEVEN & NICOLE PHILLIPS, respectfully demand judgement against the Defendant, SEEMAN HOLTZ PROPERTY & CASUALTY, LLC,

declaring that the APA is terminated and that the Plaintiffs are under future obligations to honor its terms, including but not limited to a declaration terminating any covenant not to compete contained therein, and further declaring that Plaintiffs may continue to operate First Choice Insurance Agency, Inc. and all of its locations, and further declaring that Plaintiffs are excused from providing or transferring business revenues to Defendant, and whatever other relief this Court deems necessary and appropriate.

Respectfully submitted,

Dated: June 9, 2021

**Pike & Lustig, LLP**

*/s/ Daniel Lustig  .*
Daniel Lustig
Florida Bar No.: 059225
Michael W. Shiver, Jr.
Florida Bar No.: 024283
1209 North Olive Avenue
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile: (561) 855-7710
pleadings@pikelustig.com
Counsel for:
Steven Phillips and Nicole Phillips